**Johnnie R. PROPES, Plaintiff–Appellant,**

v.

**CITY MANAGER; Rodney Noles, Defendants–Appellees.**

**No. 04–41267.**
**Conference Calendar.**

United States Court of Appeals, Fifth Circuit.

Decided Feb. 23, 2006.

Johnnie R. Propes, Teague, TX, for Plaintiff–Appellant.

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM: *

Johnnie R. Propes, Texas state prisoner # 1178904, appeals the district court's dis-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

missal with prejudice of his pro se, in forma pauperis, 42 U.S.C. § 1983 civil rights complaint as frivolous and for failure to state a claim. Propes alleged that Plano, Texas, city officials conspired to discriminate against him on the basis of his race by issuing citations to him for violating city ordinances based on the mistaken belief that he owned land which he, in fact, did not own. He claimed that Noles, an uncertified building inspector, had engaged in the wanton prosecution of code violations on residences owned by African–Americans.

We review a dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) for an abuse of discretion. *Taylor v. Johnson*, 257 F.3d 470, 472 (5th Cir.2001). We review a dismissal for failure to state a claim upon which relief may be granted *de novo*. *Hart v. Hairston*, 343 F.3d 762, 763–64 (5th Cir.2003); § 1915(e)(2)(B)(ii).

Propes's conclusory allegations of a race-based conspiracy are insufficient to support a viable § 1983 claim. *See Brinkmann v. Johnston*, 793 F.2d 111, 113 (5th Cir.1986). Nor has Propes demonstrated that either the citations or the warrants issued for his arrest were motivated by discriminatory animus. *See Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir.1997). Accordingly, Propes's appeal lacks an arguable basis in law and fact and is frivolous. *See Berry v. Brady*, 192 F.3d 504, 507 (5th Cir.1999). Because the appeal is frivolous it is dismissed. *See* 5TH CIR. R. 42.2.

In *Propes v. Dretke*, 130 Fed.Appx. 654 (5th Cir.2005), we imposed the 28 U.S.C. § 1915(g) bar against Propes. We warn Propes that further filing of frivolous complaints or pleadings may result in additional sanctions against him.

published and is not precedent except under the limited circumstances set forth in 5TH CIR.

Propes's motion for the appointment of counsel on appeal is denied.

APPEAL DISMISSED AS FRIVO-LOUS; MOTION DENIED; SANCTION WARNING ISSUED.